276 N.J. Super. 112 (1994)
647 A.2d 486
MELANIE MIZRAHI, GENERAL ADMINISTRATRIX AND ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF SOLOMON MIZRAHI, PLAINTIFF,
v.
ALLSTATE INSURANCE COMPANY AND SCOTTSDALE INSURANCE COMPANY, DEFENDANTS.
Superior Court of New Jersey, Law Division Monmouth County.
Decided May 11, 1994.
*114 Richard D. Schibell, for plaintiff (Shebell & Schibell, attorneys).
Frank P. Addas, for defendant Scottsdale Insurance Company (Addas & Potenza, attorneys).
FISHER, J.S.C.
May an individual, offered as an expert on insurance matters, testify if that person is not licensed as an "insurance consultant" pursuant to the "New Jersey Insurance Producer Licensing Act," N.J.S.A. 17:22A-1 to -25? That novel issue, twice raised during the course of this action, must be answered in the negative.

I

INTRODUCTION
The trial of this non-jury insurance coverage action began on November 29, 1993. At that time, plaintiff Melanie Mizrahi, the Administratrix ad Prosequendum of the Estate of Solomon Mizrahi (Mizrahi), called her first witness, James H. Frank. During the voir dire concerning his expertise, it was learned that Mr. Frank had an extensive background in various areas of the *115 insurance industry, including the type of insurance at issue in this case.[1] It was also learned, during the voir dire conducted by counsel for defendant Scottsdale Insurance Company (Scottsdale), that Mr. Frank is not now, nor has he ever been, licensed by the Commissioner of Insurance of New Jersey.
Scottsdale moved to bar Mr. Frank from testifying as an insurance expert because he was not licensed under the New Jersey Insurance Producer Licensing Act (the Act). The motion was granted.[2] Mizrahi immediately moved for a continuance in order to obtain a new expert. That request was granted. A new expert was retained by Mizrahi and subsequently deposed by Scottsdale. Now before the court is Mizrahi's motion "for a ruling that plaintiff's expert is not required to be licensed in the State of New Jersey and that therefore his lack of a license does not preclude him from testifying on plaintiff's behalf."

II

ANALYSIS
The arguments raised by Mizrahi as to both her former and current experts must be rejected for essentially the same reasons. At the outset, however, it is important to consider the goals and policies that underlie the applicable rules of evidence and the New Jersey Insurance Producer Licensing Act.

*116 A. Witness Competency And The Rules of Evidence

1. N.J.R.E. 601
N.J.R.E. 601 and public policy dictate that, except in limited circumstances, all are qualified to be witnesses and present relevant evidence at trial. Germann v. Matriss, 55 N.J. 193, 217, 260 A.2d 825 (1970). Since witness disqualification tends to lead toward the suppression of the truth, State v. Briley, 53 N.J. 498, 506, 251 A.2d 442 (1969), any claim of disqualification must be strictly construed in favor of the admission of pertinent testimony that the witness might offer, Germann, supra, 55 N.J. at 217, 260 A.2d 825. The determination of whether a person is competent to be a witness lies within the trial judge's sound discretion. State v. Savage, 120 N.J. 594, 632, 577 A.2d 455 (1990).
Notwithstanding the general approach that all witnesses are qualified, and notwithstanding the modern trend toward the elimination of exceptions to that general approach,[3] several grounds still exist to preclude a witness from testifying on competency grounds.[4] Unquestionably, the exceptions to the general rule of competency are minimal and can be found only in limited *117 situations. Nevertheless, exceptions do exist and N.J.R.E. 601, by its very terms, makes no attempt to preclude the Legislature's creation of new areas of witness incompetency. N.J.R.E. 601 provides that "[e]very person is competent to be a witness ... except as otherwise provided by these rules or by law". (Emphasis added.) The emphasized portion of this rule presupposes that the general rule of witness competency should give way if the Legislature should determine otherwise in given circumstances.

2. N.J.R.E. 702
Mizrahi argues that it goes against the grain of prior precedents to find that a witness is not competent to testify because of the lack of a license. Mizrahi is certainly correct in this regard. See, Hake v. Manchester Tp., 98 N.J. 302, 306, 486 A.2d 836 (1985); Sanzari v. Rosenfeld, 34 N.J. 128, 137-138, 167 A.2d 625 (1961). As stated in Hudgins v. Serrano, 186 N.J. Super. 465, 474-475, 453 A.2d 218 (App.Div. 1982), "[w]e believe ... that while a license does indeed import the minimal technical training and knowledge essential to the expression of a meaningful and reliable opinion, that the prerequisite minimal technical training  and perhaps more  may also be gained otherwise...." N.J.R.E. 702 certainly maintains this same approach: "a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto...." (Emphasis added.) But, these decisions are to be distinguished from the present problem since those courts were not confronted with specific legislation which expressly prohibited an unlicensed expert (otherwise qualified to opine via N.J.R.E. 702[5]) from giving such testimony. There is nothing contained in those decisions to suggest that the broad view of expert qualification embodied in the rules of evidence is sufficient to permit the testimony when the Legislature expresses a contrary view.
*118 In sum, the rules of evidence do not express an intent to foreclose or override the Legislature's power to create new areas of witness incompetency. See, N.J.R.E. 601. Indeed, when the rules of evidence and the will of the Legislature clash on a particular subject, it is the latter which controls.

B. The Impact of the New Jersey Insurance Producer Licensing Act
Our rules of evidence undeniably compel a broad and pragmatic approach toward the admission of evidence on the basis of witness competency. As Justice Francis said for the Court in Briley, "the obvious policy of the law [is] to enlarge the domain of competency of witnesses and to adapt rules of evidence to the successful development of the truth." 53 N.J. at 506, 251 A.2d 442. Nevertheless, to permit the testimony of an individual, who is not licensed under the New Jersey Insurance Producer Licensing Act, would unmistakably result in a condonation of a clear violation of the letter and spirit of the Act.
The Act's salutary intendment was to allow only those individuals possessing the necessary education, experience, fiscal responsibility, reputation, character, competence, trustworthiness and honesty to be engaged in the insurance industry in New Jersey. See, N.J.S.A. 17:22A-4c, g, h, i; N.J.S.A. 17:22A-17a. The Act seeks to achieve these goals in a number of ways. First, the Act mandates the licensing of those persons who engage in a broad range of conduct in the insurance industry. Second, it sets specific qualifications for those who would be licensed. Third, it seeks to compel compliance with its licensing requirements by permitting the Commissioner to impose substantial fines, N.J.S.A. 17:22A-17b, and to refuse to issue or renew a license for any statutory violation, N.J.S.A. 17:22A-17a.
Equally important, the Act seeks to foster the responsibility of practitioners in the insurance industry and their answerability to the public by enjoining unlicensed individuals from engaging in *119 certain insurance-related activities. The extreme breadth of this prohibition can be found in the provisions of the Act that follow.
N.J.S.A. 17:22A-2 defines an "insurance consultant" as one who "acts or holds himself out to the public ... as offering any advice, counsel, opinion or service with respect to the benefits, advantages or disadvantages under any insurance policy or contract that is or could be issued in this State." (Emphasis added.) The same provision defines an "insurance producer" as "any person engaged in the business of an insurance agent, insurance broker or insurance consultant." N.J.S.A. 17:22A-3 provides in relevant part:

No person shall act as an insurance producer or maintain or operate any office in this State for the transaction of the business of an insurance producer, or receive any commission, brokerage fee, compensation or other consideration for services rendered as an insurance producer without first obtaining a license. ...
[Emphasis added.]
By putting these provisions together, it can readily be seen that this legislation bars one from offering any "advice, counsel, opinion or service" with respect to the "advantages or disadvantages" of an insurance policy without a license.
The only possible interpretation of the words the Legislature chose is to require one who claims to be an insurance expert to obtain a license as a prerequisite to testifying in a court of law in this state. This court is not free to ignore the will of the Legislature when it has spoken on such a question. There being no doubt as to the Legislature's intent in this regard, it is simply the obligation of this court to ensure that the will of the Legislature is carried out.

C. The Application of The Act To The Case At Hand
Based upon the unmistakable import of the provisions of the Act referred to above, this court refused to permit Mr. Frank to testify as an insurance expert during the course of the trial. Mizrahi retained a new expert, Kenneth D. Johnson, and Scottsdale was given time to depose him.
*120 At the deposition it became clear that Mr. Johnson, also, does not possess a license. Suspecting that this would give rise to the same problems encountered earlier, Mizrahi moved for a determination that Mr. Johnson's lack of a license should not bar him from testifying as an expert in this matter.
Mizrahi suggests that the situation with Mr. Johnson is different from that encountered with Mr. Frank. She claims that Mr. Johnson fits the definition of "an employee" of a reinsurer and that such an employee is not required to maintain a license. It may be arguable that Mr. Johnson fits that definition, and it will be assumed for purposes of this motion that he does. Nevertheless, it is clear that this factor is irrelevant in assessing his ability to testify as an insurance expert under the circumstances.
Being an employee of a reinsurer, so argues Mizrahi, Mr. Johnson does not fit within the definition of a "reinsurance intermediary-manager" contained in N.J.S.A. 17:22E-1 and, therefore, is not required to be licensed as a producer in this state. N.J.S.A. 17:22E-2a. N.J.S.A. 17:22E-1 defines a "reinsurance intermediary-manager" as
a person which has authority to bind or manages all or part of the assumed reinsurance business of a reinsurer, including the management of a separate division, department or underwriting office, and act as an agent for that reinsurer whether known as a reinsurance intermediary-manager, manager or other similar term, except that the following person shall not be considered a reinsurance intermediary-manager, with respect to that reinsurer, for the purposes of this act:
(1) An employee of the reinsurer.
Although the court certainly agrees with the contention that an employee of a reinsurer is not required to have a license, it does not stand to reason that this frees the reinsurer employee from maintaining a license when that person seeks to act as an "insurance consultant". Although Mr. Johnson may be an employee of a reinsurer, he now seeks to come before the court and give his opinions as to the interpretation and application of the insurance policy in question in this civil action. When he undertakes that function he is not acting as "an employee of a reinsurer" but is seeking to act as an "insurance consultant." No one may act or *121 hold himself out to the public as an "insurance consultant" without maintaining the license referred to in the Act.
Therefore, as expressed in my prior ruling with regard to James H. Frank, Kenneth D. Johnson is incompetent to testify as an expert witness in light of the dictates of the New Jersey Insurance Producer Licensing Act.

III

CONCLUSION
The expert witnesses retained by Mizrahi have sought to give expert testimony concerning an insurance policy relevant to this case. In so doing, they seek to act as "insurance consultant." Because the New Jersey Insurance Producer Licensing Act requires insurance consultants to be licensed, the fact that neither of Mizrahi's experts are so licensed renders them incompetent to testify.
It is so ordered.
NOTES
[1] On May 27, 1990, Solomon Mizrahi suffered fatal injuries in an automobile accident on the Garden State Parkway. This action involves the interpretation and application of a personal umbrella liability policy issued by defendant Scottsdale Insurance Company to Solomon and Melanie Mizrahi for the year commencing on February 15, 1990 and ending on February 15, 1991.
[2] On November 29, 1993, this court rendered an oral opinion granting defendant's motion. Since this issue has resurfaced, and to further amplify the rationale for this court's ruling at that time, this opinion supplements that prior ruling and provides the basis for this court's ruling concerning Kenneth D. Johnson, plaintiff's new proposed expert.
[3] Traditionally, for example, a witness was not permitted to testify as to something related by a person who had died prior to trial. That prohibition was statutorily ended in 1960. See N.J.S.A. 2A:81-2. Once, beneficiaries under certain wills were disqualified from being witnesses to prove the validity of signatures on those wills. That basis for incompetency, originally created by the Legislature (N.J.S.A. 3A:3-22) was eliminated in 1978. (N.J.S.A. 3B:3-7).

Noteworthy, too, is the fact that our disciplinary rules prohibit an attorney from acting as both an advocate and a material fact witness in the same case. But that conflict results in a cessation of the attorney's role as an advocate, not as a witness. See, RPC 3.7; State v. Tanksley, 245 N.J. Super. 390, 393, 585 A.2d 973 (App.Div. 1991).
[4] For instance, N.J.R.E. 605 and 606 prohibit judges and jurors from being witnesses in cases on which they are sitting. N.J.R.E. 603 requires that a witness take an oath, or make an affirmation or declaration, as a condition precedent to being a witness. N.J.R.E. 501(2) precludes the spouse of an accused in a criminal action from testifying unless certain conditions are present.
[5] Clearly, based on the voir dire, Mr. Frank was otherwise qualified by N.J.R.E. 702 to render an opinion. For purposes of this motion, it is assumed that Mr. Johnson would also so qualify.